STATE OF RHODE ISLAND *vs.* ARAM K. CONRAGAN *et al.*

APRIL 11, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J. Constitutional question certified to this court under General Laws, 1923, Chapter 348, Section 1.

This bill in equity was brought to enjoin the respondents from using a shop at No. 8 Broad street in the city of Providence for the conduct of a barber school. The bill alleges that the respondents are tenants of said premises and for nine months prior to the filing of the bill had conducted therein an unauthorized barber school; that they had solicited the patronage of the public by signs and devices, exhibited in the windows of said premises, of such a character that the public were led to believe that services commonly rendered in licensed barber shops could be secured therein at a less cost than in licensed shops; that as a consequence barbers conducting licensed shops have suffered irreparable injury; that said shop has been conducted continuously in violation of the provisions of Chapter 1961, P. L. 1932; that such use constitutes a common or public nuisance and that the respondents will continue to occupy said shop for the same purpose indefinitely unless enjoined by decree of the court.

In their answer respondents admit the operation of a barber school without a certificate of registration; they allege that the board of examiners arbitrarily refused to grant their application for a certificate because they made charges for the services rendered in their shop. Respondents also admit the soliciting of business, the maintenance of signs, the practicing of the trade of barber and the in-

structing of others in said trade. But they deny the allegation that said school is a menace to public health or a common nuisance, and claim that their business is conducted in a sanitary manner.

The order of certification is as follows: "The question of the constitutionality of chapter 1961 of the public laws of 1932 has been brought in question upon the record of this cause in this, that the respondents have claimed by their answer, in which they have incorporated a claim of the same benefit as if they had demurred to the bill of complaint filed herein, that said chapter 1961 of the public laws of 1932, and particularly that portion of section 1 thereof which amends section 9 of chapter 156 of the general laws of 1923 as amended by chapter 1892 of the public laws of 1932, as follows: 'No barber school shall charge any fee, price or compensation for any work or service performed in said school, except the regular charge for tuition' is unconstitutional and void: (1) because it is in violation of Section 10, Article 1 of the Constitution of the State of Rhode Island, in that it deprives the respondents of property; (2) because it is in violation of Article XIV of the Amendments to the Constitution of the United States for like reason . . ."

The statute now under consideration (G. L. 1923, C. 156) was first enacted in 1903 (P. L. 1903, C. 1100). The statute provides that it shall be unlawful to practice the occupation of barber in any city of the State without first securing a certificate of registration from the state board of examiners. An amendment of the statute (P. L. 1931-32, C. 1961) prohibits the maintenance of a barber school without a certificate of approval issued by the state board and provides that such certificate be granted only to suitable persons authorized to practice the trade of barbering in this state. It is further provided that no barber school shall advertise, or display any sign, as being anything but a barber school or charge any fee or price for any work or service performed therein, except for tuition

Section 10 authorizes the serving as an apprentice under a registered barber and the serving as a student in a school under the instruction of a qualified barber. Section 14 provides as follows: "To shave or trim the beard or cut the hair of any person for hire or reward received by the person performing such service, or any other person, shall be construed as practicing the occupation of barber within the meaning of this chapter . . ." Section 15 provides that any person practicing the occupation of barber without having obtained a certificate of registration, or violating any of the provisions of the statute, shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than twenty dollars.

The regulation of the practice of barbering as provided for by Chapter 156 has been held by this court to be a valid exercise of the police power of the state and not to be in violation of the state or the federal constitution. *State* v. *Armeno*, 29 R. I. 431.

From the record it does not appear that the respondents are qualified and registered barbers. But, assuming for the present that they are duly registered, it is clear that the statute does not deprive them of their property by prohibiting them from charging customers for services rendered by their students. Students in a school are prohibited from barbering for compensation. The proprietor of a barber school has no more right to receive compensation for the service performed by a student than has the student. The statutory provision to which objection is made is reasonable and is necessary to insure to the public protection from untrained and unauthorized barbers.

We have decided the constitutional questions certified to this court notwithstanding the fact that there is another material issue raised by the pleadings. *First National Stores, Inc.* v. *Lewis*, 51 R. I. 448; *Wells* v. *Perry*, 50 R. I. 427. The questions which have arisen are simple and, as they have arisen once before in another proceeding between the same parties, it is desirable to end unnecessary litigation.

The demurrer to the bill incorporated in the answer is decisive of this proceeding in equity. By section 4 of the statute any barber shop in which the tools, appliances and furnishings in use therein are kept in an unsanitary condition so as to endanger health, is declared to be a common nuisance and the proprietor thereof is "subject to prosecution and punishment therefor." Section 15 provides that the penalty for maintaining this special statutory nuisance shall be by a fine of not more than twenty dollars. There is but this one punishment for such a nuisance which is the same as for any other violation of the statute. *State* v. *Armeno, supra.*

The State seeks to enjoin the commission of a misdemeanor. As stated in 32 C. J. 275, it is now universally held that, except when there is express statutory authority therefor, equity has no criminal jurisdiction, and acts and omissions will not be enjoined merely on the ground that they constitute a violation of law and are punishable as crimes.

Our decision is that the provisions of Public Laws, 1932, Chapter 1961, set forth in the certified question, are not in violation of Section 10, Article I of the Constitution of Rhode Island or of Article XIV of the Amendments to the Constitution of the United States.

The papers in the cause with the decision of this court certified thereon are ordered sent back to the Superior Court for further proceedings.

*John P. Hartigan, Attorney General, John J. Cooney, Asst. Attorney General,* for State.

*Edward F. McElroy, Joseph C. Cawley, William I. Matzner,* for defendants.