BRASIER v. STATE BOARD OF BARBER EXAMINERS.

No. 30992. Sept. 21, 1943.

*141 P. 2d 563.*

E. M. Connor, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fren Hansen, Asst. Atty. Gen., for defendants in error.

HURST, J. This case presents for review the question of the validity of a certain rule promulgated by the State Board of Barber Examiners.

Plaintiff, R. O. Brasier, is the owner of the Tulsa Barber College. He operates the school under a permit issued to him by defendant, the State Board of Barber Examiners. Under the provisions of 59 O. S. 1941 § 88, the board is empowered to issue permits to the operators of barber colleges, to adopt and enforce "reasonable rules and regulations governing the conduct of such schools or colleges", and to revoke any such permit for failure on the part of a school to comply therewith. Defendant adopted a code of rules, and provided by Rule 8 thereof that no student barber should charge for any services rendered in a barber college. On December 3, 1940, we held this rule to be valid in Schwarze v. Clark, 188 Okla. 217, 107 P. 2d 1018. On August 9, 1941, the board amended Rule 8 by adding:

" . . . nor shall such school or college charge persons receiving such services any sum whatsoever therefor, or for any materials used or expenses incurred directly or indirectly by it in connection therewith."

On August 27, 1941, plaintiff posted a notice in his college stating that thereafter he would charge each patron receiving a shave or haircut in the school the sum of five cents to cover the cost of materials and supplies used, and that no part thereof would be paid to any student either directly or indirectly. He mailed a copy of such notice to the board. On March 11, 1942, the board notified plaintiff that it had received a complaint that he was violating Rule 8 and that a hearing would be held on April 2, 1942, to determine whether his permit should be revoked on account thereof. The hearing was continued until April 16th, and on April 14th plaintiff commenced this action to enjoin the board from making the threatened revocation. He alleged that the quoted portion of Rule 8 was void as depriving him of constitutional rights. Defendant answered that it had set the hearing for April 16th, and that if it developed at such hearing that plaintiff had violated Rule 8 it would revoke his permit.

At the trial plaintiff testified that he was in competition with schools in Dallas and Kansas City which charged about the same tuition as he did; that he was making a charge of five cents for each shave or haircut and that such charge on the average just paid for the cost of the materials and supplies used;

that no part of such charge went to the students; and that due to increased costs he could not stay in business unless he raised his tuition, which was already as high as students could pay, or was permitted to make the five cent charge. Defendant offered no evidence. The court denied the injunction, and plaintiff appeals. In its brief, the board states that it raises no question as to the propriety of the present suit, but desires a determination, in this action, of the validity of said rule.

1. Plaintiff contends that the rule is arbitrary and unreasonable and therefore void. Although the basis of plaintiff's contention is that the rule deprives him of liberty and property without due process of law, we think we need not decide that question now, for since the statute (59 O. S. 1941 § 88) authorizes the board to make only "reasonable rules and regulations", if the rule is unreasonable the board had no power to promulgate it regardless of constitutional considerations. Is the rule, then, reasonable? We have held that rules designed to prevent a violation of other statutes are reasonable. Schwarze v. Clark, above. Further than this, we are of the opinion that "reasonable rules and regulations," within the meaning of the act, are those designed to fairly carry out the legislative objectives. These objectives are to protect the public health by permitting only competent persons, possessed of the requisite skill and training, to practice the trade of barbering, and to require the maintenance of sanitary conditions in barber colleges. Any rule having a reasonable tendency to accomplish either of these ends would unquestionably be valid. There seems to be, however, no rational connection between these ends and the denial of the right to make the five cent charge. It would seem rather that the public health would be better protected by permitting the charge to be made, since it would tend to assure the maintenance of sanitary conditions in the college. Defendant cites no authority for the validity of such a rule, and unless the rule may be sustained as a measure designed to prevent the violation of some law, we must conclude that it is arbitrary and unreasonable, and that the board had no authority under the statute to promulgate it.

2. Defendant contends, however, that the rule may be sustained as a measure designed to prevent unlicensed students from engaging in the practice of barbering. It urges that if the college is permitted to make the five cent charge, the benefit will inure to the students in the form of reduced tuition, and that students will thus indirectly receive compensation for their services in contravention of 59 O. S. 1941 §§ 69, 70.

In Schwarze v. Clark, above, we held that student barbers, by charging for their services, "engaged in the practice of barbering" within the inhibition of 59 O. S. 1941 §§ 69, 70, prohibiting such practice by persons not possessed of a certificate, and we upheld that part of Rule 8 forbidding students to make such charges as a reasonable regulation of the conduct of the school. Of course, no scheme or device to evade the provisions of the law should be permitted, but in this case the uncontradicted evidence is that the only benefit which the students will receive from the charge will be that the school will remain open. Such vague and indirect benefits do not amount to "payment" within the meaning of the act.

3. Defendant finally contends that plaintiff, by making the charge, performs barber services for less than the minimum prices established for the city of Tulsa, in violation of 59 O. S. 1941 §§, 98, 102. But the minimum price law was enacted to prevent harmful price cutting among practicing, competing, barbers. Plaintiff was not engaged in the practice of barbering for profit, nor was he in competition with the commercial shops. It is not denied that his institution was a bona fide trade school, and that his profit was entirely from fees charged for tuition. The school shop was no more than a laboratory wherein the students obtained actual experience in preparing for their trade, and it is undisputed that the five cent charge merely reimbursed

plaintiff for the cost of the materials and supplies used therein.

While plaintiff may not be permitted to profit from the services performed in the shop, we see no good reason to compel him to give the materials and supplies to the persons receiving such services. The Legislature, by the enactment of the minimum price law, did not intend to prohibit a charge of this kind.

Reversed, with instructions to proceed not inconsistently with the views herein expressed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, and DAVISON, JJ., concur. OSBORN, WELCH, and ARNOLD, JJ., absent.