MANSFIELD BEAUTY ACADEMY, INC. *vs.* BOARD OF REGISTRATION OF HAIRDRESSERS.

Suffolk.    November 8, 1950. — January 3, 1951.

PRESENT: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Hairdressing.    Constitutional Law*, Hairdressing, Due process of law, Police power, Assertion of constitutional rights. *Equity Jurisdiction*, Declaratory relief, Suit to test constitutionality. *Declaratory Judgment.*

A suit in equity by the proprietor of a hairdressing and manicuring school against the board of registration of hairdressers for declaratory relief under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, was a proper method of testing the constitutionality of the provision added to G. L. (Ter. Ed.) c. 112, § 87U, by St. 1949, c. 345, forbidding such schools to make charges for services or materials in connection with the practice of hairdressing or manicuring by their students.

St. 1949, c. 345, amending G. L. (Ter. Ed.) c. 112, § 87U, in so far as it forbids the proprietor of a hairdressing and manicuring school to make a charge for materials furnished to persons acting as "models" for the students of the school to practise upon, is not a proper exercise of the police power and unconstitutionally deprives the proprietor of property.

BILL IN EQUITY, filed in the Superior Court on October 19, 1949.

The suit was heard by *Goldberg*, J.

In this court the case was submitted on briefs.

*F. E. Kelly*, Attorney General, & *J. C. Sullivan*, Assistant Attorney General, for the defendants.

*S. Silverman*, for the plaintiff.

WILKINS, J. · The plaintiff is engaged in the business of

conducting a school in Boston for the purpose of teaching students hairdressing and manicuring, and is registered under G. L. (Ter. Ed.) c. 112, § 87BB, as amended. This bill in equity seeks a binding declaration as to the constitutionality of St. 1949, c. 345 (which amends c. 112, § 87U, as appearing in St. 1941, c. 626, § 3), entitled, "An Act prohibiting hairdressing schools charging for services or materials used in connection with hairdressing or manicuring." The statutory provision is: "No student shall practice hairdressing or manicuring upon any paying customer, and no school shall directly or indirectly make any charge for services or materials in connection with such practice of hairdressing or manicuring." The defendant board appeals from a final decree (1) adjudging that in so far as c. 345 "provides that no hairdressing school shall directly or indirectly make any charge for materials used by said school in connection with the practice of hairdressing or manicuring [it] is not a valid exercise of the police power of the Legislature and is in violation of the Constitutions of the United States of America and the Commonwealth of Massachusetts," and (2) permanently enjoining the board from enforcing that portion of the statute. The plaintiff did not appeal, and no argument has been addressed to us based upon the absence of a ruling as to that part of the statute prohibiting a charge for services.

The defendant board contends that the declaratory judgment statute, G. L. (Ter. Ed.) c. 231A, as inserted by St. 1945, c. 582, § 1, does not cover questions relating to the action of boards under c. 112, which, it is argued, provides an exclusive procedure. Among the cases doubtless relied upon, but not cited, are *Flynn* v. *Board of Registration in Optometry*, 320 Mass. 29, and *Kenworthy & Taylor, Inc.* v. *State Examiners of Electricians*, 320 Mass. 451. See *Ullian* v. *Registrar of Motor Vehicles*, 325 Mass. 197. Such cases, however, concern the procedure of an administrative board or officer validly empowered by statute. A controlling authority, adverse to the defendant board's contention, is

*Davis* v. *Board of Registration in Medicine,* 251 Mass. 283, where a physician, facing possible removal by the board of registration in medicine under c. 112, was allowed to challenge the constitutionality of the statute in a bill brought under the general equity jurisdiction of the Superior Court. See *Lawrence* v. *Board of Registration in Medicine,* 239 Mass. 424.

The present case, dealing with the validity of the enabling act, cuts in ahead of procedural questions arising under the act, and raises issues appropriate for consideration upon a bill for declaratory relief. A similar result has been reached in decisions elsewhere. *Sage-Allen Co. Inc.* v. *Wheeler,* 119 Conn. 667. *Little* v. *Smith,* 124 Kans. 237. *Faulkner* v. *Keene,* 85 N. H. 147. *Reed* v. *Littleton,* 275 N. Y. 150, 153. *Dun & Bradstreet, Inc.* v. *New York,* 276 N. Y. 198, 206–207. *Richfield Oil Corp. of New York* v. *Syracuse,* 287 N. Y. 234.

The judge made a report of the material facts found by him. Some of these we summarize. In the plaintiff's school the students work on one another and on models. Models are friends or relatives of students, or persons with previous experience as models. The school does not advertise for or solicit models. When a model enters the plaintiff's place of business, she announces the work she wants done, and is then assigned to a student. No charge is made to a model for services. The statute in question was passed as a result of a bill filed by an association of private "beauty shops." Following the passage of the statute the defendant board charged the plaintiff with its violation and set a date for a hearing. The board intends to enforce c. 345. The use of live models is of advantage both to students and to the general public. It makes possible a diversified training, and enables students to become more proficient when, after graduation, they serve the general public. The making of a charge to models for the cost of materials used upon them tends to be in the public interest. In so doing the students become accustomed to the use of "standard brands" of materials rather than "inferior brands." The prohibition against charging for the cost of

materials has no rational tendency to promote the safety, health, morals, or general welfare of the public. It has no rational or reasonable bearing on cleanliness, sanitation, or the prevention of communicable diseases.

The principles pertinent to the issue of constitutionality are well known. All rational presumptions are made in favor of every legislative enactment, and invalidity will be found only when a statute is in manifest excess of legislative power. *Howes Brothers Co.* v. *Unemployment Compensation Commission*, 296 Mass. 275, 283–284. *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 138. *Commonwealth* v. *Finnigan, ante*, 378. The Fourteenth Amendment to the Federal Constitution and arts. 1, 10, and 12 of the Declaration of Rights of the Constitution of this Commonwealth protect every person in the enjoyment of his liberty and property, and within those words are included the right to engage in any lawful occupation, subject to reasonable regulation. *McMurdo* v. *Getter*, 298 Mass. 363, 365–366, and cases cited. Nothing specific has been advanced in support of that portion of the statute here involved. Nor are we able to perceive anything. Giving every consideration to the rational presumptions above referred to, we think that St. 1949, c. 345, in so far as it seeks to deprive persons in the position of the plaintiff of the right to charge for materials furnished to models, is unreasonable and void. In our opinion, there is no rational connection between the promotion of public health and the interdiction of such a charge. Unconfronted by the statement of any definite ground in support of the statute in this respect, we omit unnecessary elaboration. Our decision is upheld by *Brasier* v. *State Board of Barber Examiners*, 193 Okla. 74, 76. It is, of course, well within the authority of cases declaring that prohibition of charges for students' services in schools of cosmetology is also unconstitutional. *State* v. *Thompson's School of Beauty Culture*, 226 Iowa, 556, 561–563. *Moler* v. *Whisman*, 243 Mo. 571, 581. Compare *State* v. *Conragan*, 54 R. I. 256; *Schwarze* v. *Clark*, 188 Okla. 217.

We have not found it necessary to decide whether the statute is void, in whole or in part, because of a discrimination against hairdressing schools, in that it does not also apply to institutions engaged in the training of barbers. See *Opinion of the Justices*, 300 Mass. 615, 617; *Ernesti* v. *Grand Island*, 125 Neb. 688.

*Decree affirmed.*