## Constitutionality of Barber Law

BLUMBERG, Deputy Attorney General, June 24, 1954.—You have requested us to advise you "whether the Opinion of the Court in the case of Philadelphia School of Beauty Culture v. State Board of Cosmetology, 78 D. & C. 111, 1951, which held that Section 7 of the Beauty Culture Law (Act of May 3, 1933, P. L. 242) was unconstitutional is likewise applicable to paragraph (c) sec. 12 of the Barber Law (Act of June 19, 1931, P. L. 589, as amended)."

Permit us first to call your attention to the fact that the above case, also reported in 62 Dauph. 5, declared unconstitutional only that portion of section 7 of the Beauty Culture Law applying to a charge, by a Beauty Culture School, for materials used in clinical treatments given by its students. Section 7 of the said act, as amended, 63 PS §513, provides:

"It shall be unlawful for any school of beauty culture to permit its students to practice beauty culture upon the public under any circumstances except by way of clinical work upon persons willing to submit themselves to such practice after having first been properly informed that the operator is a student. No school of beauty culture shall, directly or indirectly, charge any money whatsoever for treatment by its students *or for materials used in such treatment.*" (Italics supplied.)

The issue before the court as to the constitutionality of this section was limited by stipulation to that portion of the section which we have underlined. No other provision of the Beauty Culture Law, supra, including the provision in section 7 thereof, prohibiting a school of beauty culture from charging any money whatsoever for treatment by its students, was in question.

The court was of the opinion that the provision of section 7 relating to the charge for materials used in

free clinical treatment by the students of the school was unconstitutional and void in that such provision bore no reasonable relation to the end sought to be attained in the public interest for the protection of public health and safety, that such provision was unduly oppressive, arbitrarily interfered with and imposed an unnecessary restriction upon private business, and, under the guise of police regulation, deprived plaintiff of its property without due process of law. The court held that the provision violated article I, sec. 1, of the Constitution of Pennsylvania by interfering with the school's freedom to use and enjoy its property and article I, sec. 9, of the Constitution of Pennsylvania and the Fourteenth Amendment of the Constitution of the United States by depriving plaintiff of its property without due process of law and by denying to it equal protection of the laws.

The precise question involved does not appear to have been passed upon by the Pennsylvania Appellate Courts. There have been decisions on the subject in some of our western States to the same effect as the Dauphin County court decisions: Brasier v. State Board of Barber Examiners, 193 Okla. 74, 141 P. 2d 563; State v. Thompson's School of Beauty Culture, Inc., et al., 226 Iowa 556, 285 N. W. 133 (Iowa 1939).

As you are aware, the title of the Beauty Culture Law is: "An Act to promote the public health and safety by providing for examination and registration of those who desire to engage in the occupation of beauty culture; defining beauty culture, and regulating beauty culture shops, schools. . .".

The title of the Barber Law, supra, is: "An Act to promote the public health and safety, by providing for the examination and licensure of those who desire to engage in the occupation of barbering; regulating barber shops and barber schools. . .".

It is to be noted that the purpose of both laws is identical, to promote public health and safety.

The particular relevant provision of the Barber Law, paragraph (c) sec. 12, as amended, 63 PS §562(c), provides as follows:

"No school of barbering shall permit its students to practice barbering on the public under any circumstances, except by way of clinical work upon persons willing to submit themselves to such practice, after first being properly informed that the operator is a student. *No school of barbering shall directly or indirectly charge any money whatsoever for treatment by its students, or for materials used in such treatment.*" (Italics supplied.)

It is further to be noted that the sentence italicized is identical in language with the equivalent sentence in section 7 of the Beauty Culture Law, aside from the substitution of the word "barbering" for the words "beauty culture" which was under consideration by the Dauphin County court and declared unconstitutional as to that portion relating to a charge for materials used in treatments.

The purpose of the Beauty Culture Law and the Barber Law being the same, and the relevant prohibitory provision as to charges made for materials used by students in clinical work being identical in both acts, the reasoning in the decision of the Dauphin County court would undoubtedly apply with like force and effect to the Barber Law. There being no appellate decision in Pennsylvania on the subject and this department concurring in the rationale and logic of the decision, we are of the opinion that the Dauphin County court decision relating to beauty culture schools has full application to the barber schools.

It is common knowledge that the vocation of beauty culture and barbering are substantially similar, except

that beauty shops are ordinarily patronized by women and barber shops by men.

We conclude, therefore, that the opinion of the court in the case of Philadelphia School of Beauty Culture v. State Board of Cosmetology, 78 D. & C. 111, is applicable to paragraph (c) sec. 12, of the Barber Law, Act of June 19, 1931, P. L. 589, as amended, 63 PS §562. It should be understood, however, that we are not hereby passing upon the constitutionality of this law or any part thereof, since that power is vested exclusively in the judiciary.