John J. Walsh, J.
Defendant is charged before this court with a violation of subdivision 2 of section 196 of the Labor Law in that he “an employer of labor was carrying on a business and failed to pay in cash weekly to each employee the wages earned to a day not more than six (6) days prior to the date of such payment ’ ’ and particularly that the said defendant ‘ ‘ employed one Gilbert J. Morelle of 905 Albany Street, City of Utica, County of Oneida, State of New York, as a plumber and Steam Fitter Apprentice and failed to pay to said employee the amount of his weekly wages in the sum of $236.18 earned by him up to, on or about the 30th day of April 1956 in violation of law.” The information is based upon an affidavit of Gilbert Morelle in which he acknowledges that he was employed as an ‘ ‘ apprentice Plumber & Steamfitter ” by the defendant “at an agreed wage of $1.58 & $1.77 per hour ” and that for the period beginning on or about August 15,1955 and ending April 30,1956 he earned the sum of $1,182.43 and that he was paid the sum of $946.25, leaving the sum of $236.18 due to him for the said period.
Defendant moves to dismiss the information upon two grounds: (a) That this is an attempt to enforce the provisions of a union contract and therefore is not a proper use of the provisions of the Labor Law particularly in view of the case of People v. Vetri (309 N. Y. 401). (b) That the information should be dismissed because an “apprentice ” is not an “ employee ” within the meaning of the Labor Law.
This court cannot pass upon the first objection raised by the defendant for the reason that that issue is not yet before the court. Nothing in the information indicates that this is *1078 an attempt to enforce a union contract. TMs question may properly be raised and considered on the trial of the action. The first objection is premature and the court will not pass on the matter at this time.
The second objection goes to the sufficiency of the information and is properly presented and must be considered.
Defendant contends (a) that an “apprentice” is not an “ employee ” under the protection of section 196 of the Labor Law and (b) that the remuneration that the master promises to the apprentice is not ‘ ‘ wages ’ ’ under the same section.
In order to constitute a violation of section 196, a person carrying on a business must fail to pay “wages ” to an “ employee ”. It is apparent that the statute does not protect merely employees; it relates to wages of employees. Therefore, it is not enough to be an employee; the individual must also receive “wages ” (People v. Rowan, 179 Misc. 225, 227).
The defendant points to the definition of “ employee ” in subdivision 5 of section 2 of the Labor Law and contends that nowhere therein is the word “ apprentice ” used. The definition of “ employee ” in that subdivision is, “a mechanic, workingman or laborer working for another for hire ”,
The purpose of section 196 of the Labor Law was to protect the manual worker who was dependent upon the ‘ ‘ wages ’ ’ he received weekly for his existence. This purpose is sufficiently clear from the terms used in the statute. It applied only to manual laborers and to wages. Thus there have been a number of reported decisions to the effect that this section does not protect management officials, supervisory employees, professional people, and even clerical and office employees. It protects only manual laborers (Matter of Metropolitan Life Ins. Co. v. New York State Labor Relations Bd., 168 Misc. 948, affd. 255 App. Div. 840, affd. 280 N. Y. 194). In like manner, “ wages ” has been defined as payment made for manual labor, or other labor of menial or mechanical kind, as distinguished from a salary or a fee. It conveys the idea of a subordinate occupation which is not very remunerative, of not much independent responsibility, and subject to immediate supervision. (People v. Rowan, 179 Misc. 225, 227, supra.)
An “ apprentice ” is a term well known in the law. An apprentice is “ A person bound in the form of law to a master, to learn from him his art, trade, or business, and to serve Mm during the time of his apprenticeship.” (1 Bouvier’s Law. Dictionary [Rawle’s 3d rev.], p. 217.) While the apprentice renders services to his master in some trade or employment for the primary purpose of learmng the trade or business or pro *1079 fession of the master for .his own benefit, he likewise performs services to the public for the pecuniary gain paid to the master.
In ancient times, an apprentice received no remuneration or very little outside of his board and lodging. He usually lived with the master and was part of his household.
In modern times, the apprentice works for the master for wages, usually less than that received by the journeyman who has finished his training as an apprentice. The apprentice is no less dependent upon his wages than is the journeyman.
While the word “ apprentice ” is not listed in the definition of “ employee ” within the meaning of the Labor Law, this court is satisfied that it was the intention of the Legislature to afford him the protection of the statute. In Wakefield v. Fargo (90 N. Y. 213 [1882]) the Court of Appeals indicated that the word ‘ ‘ apprentice ’ ’ is synonymous with the word, ‘ ‘ laborer ’ ’. The court said (p. 219): “ ‘ Laborer or apprentice ’ are words of limited meaning, and refer to a particular class of persons employed for a defined and low grade of service performed as before suggested without responsibility for the acts of others, themselves directed to the accomplishment of an appointed task under the supervision of another.”
This court. therefore holds that an “ apprentice ” is within the protection of section 196 of the Labor Law. The motion to dismiss the information is denied and the case is placed on the Trial Calendar of the court for disposition on the merits.