HOUSEBOATS — DISPOSAL SYSTEM ANCHORAGE RULES FOR HEALTH STANDARD Title 82 O.S. 875 [82-875] (1961), as amended, provides that the public has the right to free anchorage on Grand Lake for private purposes. The Grand River Dam Authority is authorized to limit this right by passing reasonable rules and regulations in the interest of the public health and safety. A rule passed for sanitary reasons providing that anchorage shall not be allowed in any one location for more than 48-hours, and that at the end of the 48-hour period a new anchorage may not be taken up within one (1) mile of the anchorage previously used is not a reasonable rule in the interest of the public health and safety when applied to a houseboat having an incinerator-type disposal system which does not discharge into the lake and which has been approved by the Department of Public Health as not constituting any health hazard when used on houseboats. The Attorney General has had under consideration your request for an opinion in which you, in effect, set out the following facts and ask the following question: FACTS A certain party has a houseboat anchored on Grand Lake. This boat has an incinerator type disposal system which has been approved by the Department of Public Health of Oklahoma as not constituting any health hazards when used on houseboats, so there is no dumping in the lake. The houseboat is not self-propelled, and it is necessary to obtain assistance in order to move it. On August 4, 1969, the Grand River Dam Authority, hereinafter referred to as the District, passed a rule which is codified as Article III, Section 9, of its Rules and Regulations. That rule provides: "Anchorages shall not be allowed off the shores of the Authority in any one location for a period in excess of 48 hours. At the end of a 48-hour period, a new anchorage may not be taken up within a distance of one (1) mile of the anchorage previously used." The minutes of the meeting at which the rule was passed indicate that it was passed as a sanitary measure. QUESTION Is this rule valid? ARGUMENT Title 82 O.S. 875 [82-875] (1961), as amended by H.B. No. 1653, 4, 32nd Oklahoma Legislature, 2nd Session (1970), provides in part: "The district shall not prevent free public use of its lands and lakes for recreation purposes and for hunting and fishing except at such points where, in the opinion of the Directors, such use would be dangerous or would interfere with the proper conduct of its business, but may in the interest of public health and safety make reasonable regulations governing such use. "All existing public rights-of-way to the areas to be flooded by the impounded waters shall remain open as a way of free public passage to and from the lakes created, . . . and no charges shall ever be made for a permit to operate or use or for the inspection of . . . anchorages, . . . in private use. The public shall have free use of and access to the waters of the lakes for private use, and shall have the right to anchorage, wharf, dock, boatdock, houseboat and landing privileges free of charge when used for private boating, but such anchorage, wharf, dock, boatdock, houseboat and landing privileges shall only be allowed after a permit therefrom has been issued provided that no permit for any anchorage, wharf, dock, boatdock, houseboat and landing privileges shall be issued which would deprive the owner of land adjacent to the shore land or lake front or abutting thereon of any anchorage, wharf, dock, boatdock, houseboat and landing privileges. The district may designate areas closed to such use, where in their opinion such use would interfere with the health or safety of the public, or with the proper conduct of the business of the district. . . ." (Emphasis added) Title 82 O.S. 862 [82-862](p) (1961), provides, in part, that the district is empowered: "To prescribe and enforce rules and regulations for the use for recreational and commercial purposes of the lakes created by the District by impounding the waters of said lakes, and the shorelands of the District bordering thereon, including . . . prescribing the type, style, location, and equipment of all wharves, docks, and anchorages along the shores and upon the water of said lakes; . . ." (Emphasis added) In Boydston v. State, Okl., 277 P.2d 138 (1954), it was stated: "Generally, when boards or commissions are created by statute, their powers are limited to those granted by the applicable statute, which may not be enlarged by the board itself." The above statutes clearly indicate a legislative intent that the public is to have the right of anchorage on the lake free of charge when such anchorage is used for private boating. The above statutes indicate that the district does have some discretion in determining the location of such anchorages. However, the only provision of the statutes which might authorize a rule providing that a person cannot anchor at one place for more than 48 hours is that portion of Section 875 which provides that the district "may in the interest of public health and safety make reasonable regulations governing such use." In Brazier v. State Board of Barber Examiners,193 Okl. 74, 141 P.2d 563 (1943), it was stated: ". . . since the statute . . . authorizes the board to make only 'reasonable rules and regulations', if the rule is unreasonable the board had no power to promulgate it, regardless of constitutional considerations." Therefore, the question which arises is whether or not the above rule is a reasonable regulation passed in the interest of public health and safety. In Brazier v. State Board of Barber Examiners, supra, it was stated: "We have held that rules designed to prevent a violation of other statutes are reasonable. . . . Further than this, we are of the opinion that 'reasonable rules and regulations,' within the meaning of the Act, are those designed to fairly carry out the legislative objectives." (Emphasis added) The rule under consideration does not appear to have been designed to prevent a violation of other statutes. Therefore, in order to be reasonable it must appear to have been designed to fairly carry out the legislative objectives of the Act under consideration. In the Act under consideration the legislative objectives, as concerns the present factual situation, appear to be that the public is entitled to free anchorage for private purposes subject only to reasonable regulation in the interest of the public health and safety. The rule in question would severely interfere with the right of free anchorage. It would require the owners of houseboats which are not self-propelled to tow the houseboats every 48 hours. Such a rule in effect prohibits such houseboats from being permanently anchored on the lake. CONCLUSION In your letter you note that the houseboat which you discuss has an incinerator-type disposal system which does not discharge into the lake and which has been approved by the Department of Public Health of the State of Oklahoma as not constituting a health hazard when used on houseboats. To the extent the rule in question is applicable to the present factual situation, it is apparent the rule is not designed to fairly carry out the legislative objectives of the Act, and to that extent it is not a reasonable rule. The district is only authorized to pass "reasonable rules and regulations." Therefore, it is the opinion of the Attorney General that the rule in question is invalid to the extent which it is applicable to the present factual situation. (Max A. Martin)