Merrimack,
No. 6107.

RAYMOND HOULE & a.

v.

ROBERT M. DUVALL, COMMISSIONER
OF LABOR.

November 2, 1971.
Modified February 1, 1972.

*Alexander J. Kalinski* ( by brief and orally ) for the plaintiffs.

*Warren B. Rudman*, Attorney General, and *Richard F. Therrien*, Attorney ( *Mr. Therrien* orally ), for the defendant.

GRIFFITH, J. This is a declaratory judgment petition brought to challenge the validity of Mandatory Order No. 4-A issued by the labor commissioner pursuant to the Minimum Wage Law. Mandatory Order No. 4-A requires hairdressing schools to pay students fifty per cent of the charge made for students' services when they work on paying customers. Plaintiffs are individual hairdressing schools and members of the New Hampshire branch of the Tri-State Cosmetology Association. The petition was brought after six students of one of the hairdressing schools filed a wage claim with the labor commissioner under Mandatory Order No. 4-A. The plaintiffs alleged that hairdressing students were not employees covered by the Minimum Wage Law ( RSA ch. 279 ( supp. )) and that, even if they were originally covered,

authority to set minimum wages for such students was repealed by the enactment of RSA ch. 314 creating the hairdresser board to regulate the operation of hairdressing schools.

Based upon an agreed statement of facts the Trial Court ( *Loughlin,* J. ) ruled in favor of the plaintiffs and reserved and transferred defendant's exceptions.

RSA 279:3 ( I ) ( supp. ) empowers the labor commissioner " [t]o investigate and ascertain the wages of employees employed in any occupation in the state. " An employee is a " person who may be permitted, required or directed by any employer, in consideration of direct or indirect gain or profit, to engage in any employment. . . . " RSA 279:1( X )( supp. ). " Occupation " is defined as an " industry, trade or business or branch thereof or class of work therein in which employees are gainfully employed, but shall not include domestic service in the home of the employer or labor on a farm. " RSA 279:1( V )( supp. ).

RSA 314:16 provides that " [s]tudents may practice on paying customers. . . . [ and that a ] school . . . may pay a student . . . for any services rendered by him. " *Cf. State* v. *Conragan,* 54 R.I. 256, 171 A. 326 ( 1934 ); *State ex rel. Mitchell* v. *Thompson's School,* 226 Iowa 556, 285 N.W. 133 ( 1939 ); *Mansfield Beauty Academy* v. *Board of Registration,* 326 Mass. 624, 96 N.E.2d 145 ( 1951 ). Plaintiffs contend that students who do not receive wages from their schools for services they provide to paying customers cannot be said to be working " in consideration of direct or indirect gain or profit " or to be " gainfully employed. " Therefore, they argue students are neither " employees " nor members of an occupation within the meaning of RSA 279:1( V ), ( X )( supp. ) and that the labor commissioner had no authority to issue Mandatory Order No. 4-A. This interpretation would make coverage of hairdressing students by the Minimum Wage Law solely dependent on whether or not plaintiffs choose to pay students for working on paying customers.

In our opinion because the services which hairdressing students render to paying customers result in direct and immediate pecuniary gain to hairdressing schools, these students are " gainfully employed " and they do work " in consideration of . . . indirect gain or profit. " *Walling* v. *Nashville, C. & St. L. Ry.,* 330 U.S. 158, 91 L. Ed. 816, 67 S. Ct. 644 ( 1947 ); *Walling* v. *Portland Terminal Co.,* 330 U.S. 148, 91 L. Ed. 809, 67 S. Ct. 639 ( 1947 ). In these two cases the Supreme Court affirmed lower court decisions holding that the point of distinction between a

trainee not considered an employee covered by the Fair Labor Standards Act, 29 U.S.C.A. *s.* 201 et seq., and a learner who is considered an employee and therefore covered by the Act is that the learner contributes some measurable gain to the person or company for whom he works, while the trainee contributes nothing and works solely for his own benefit. *Walling* v. *Nashville, C. & St. L. Ry.,* 60 F. Supp. 1004, 1008, *aff'd,* 155 F.2d 1016; *aff'd,* 330 U.S. 158, 91 L. Ed. 816, 67 S. Ct. 644 ( 1947 ); *cf. Hutchison* v. *Clark,* 67 Cal. App. 2d 155, 153 P.2d 796 ( 1944 ).

We agree with this reasoning and conclude that hairdressing students are " employees " engaged in an " occupation " when they perform services for which the schools receive pecuniary gain. " While one of the purposes of the [ plaintiffs ] in permitting the students to practice their art on the public [ is ] to increase their proficiency, another material purpose [ is ] to derive pecuniary gain for the services rendered, and while the students are so engaged, [ plaintiffs are ] operating both a school and a commercial beauty parlor. " *Miller* v. *Garford Laboratories,* 172 Misc. 567, 16 N.Y.S.2d 279, 282 ( N.Y. City Mun. Ct. 1939 ).

RSA 279:8( supp. ) provides that minimum wage rates may be set for " learners and apprentices in any occupation or occupations. " Plaintiffs urge us to conclude the term " learner " is synonymous with " apprentice. " They argue that since RSA 314:15, 16 distinguishes students and apprentices and since hairdressing students are not apprentices in the traditional use of that term ( *Heget* v. *Christ Hosp.,* 26 N.J. Misc. 189, 58 A.2d 615, 616 ( C.P. 1948 ); *Gianotti* v. *Bloom,* 7 Misc. 2d 1077, 167 N.Y.S.2d 179, 182 ( Utica City Ct. 1957 ), they are not learners within the scope of RSA 279:8( supp. ). However, " 'learner' has not acquired the restricted meaning associated with the term ' apprentice '. " *See Maine Beauty Schools* v. *State Board,* 225 A.2d 424, 429 ( Me. 1967 ). According to common usage " learner " is generally construed more broadly and we consider it proper to classify a hairdressing student who provides services for paying customers as a " learner . . . in an occupation " within the context of RSA 279:8( supp. ).

Evidence of any implied repeal of the authority of the labor commissioner by RSA ch. 314 is lacking here. While RSA 314:5 gives the Board of Registration of Hairdressers authority to regulate closely many aspects of a student's relationship with a hairdressing school, this authority is specifically limited to three general areas: the establishment of standards of professional

skill, the proper supervision of the hairdressing occupation, and the establishment of sanitary rules. Nothing in this language nor in the phrase "necessary for the protection of the public health, safety or morals" suggests any intention to endow the board with authority over wages of students.

The agreed statement indicates that students of the plaintiff Ray "had worked on paying customers and had not received any compensation for this." The defendant commissioner was authorized to establish minimum fair-wage rates for an "occupation", defined by the statute as a "class of work" in which employees are "gainfully employed"; and "employee" is defined as "every person who may be permitted . . . by any employer in consideration of direct or indirect gain or profit, to engage in any employment as [thus] defined. . . ." RSA 279:1 (V), (X)(supp.). Since the work done by the students was a part of the schooling for which they paid tuition, it was permitted by the plaintiff Ray in consideration of gain to him. *Cf. Walling* v. *Railway supra.* If the charge to the customers served yielded no profit to the employer, the activities of the students were not for that reason beyond the pale of a "gainful occupation", which is not necessarily profitable. *See Cobb* v. *Mut. Life Ins. Co. of N.Y.*, 151 Pa. Super. 654, 660, 30 A.2d 611, 615 (1943). In acquiring new skills through the process of dressing hair for a monetary consideration, the students were properly considered by the defendant to be "gainfully employed" as employees of the plaintiff Ray within the meaning of the Minimum Wage Law. RSA ch. 279.

Accordingly we conclude that Mandatory Order No. 4-A was a valid order enforceable against plaintiffs by the labor commissioner and defendant's exceptions are sustained.

*Judgment for defendant.*

All concurred.