WALLING, WAGE AND HOUR ADMINISTRATOR, *v.* NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY.

No. 335.   Argued January 17, 1947.—Decided February 17, 1947.

*William S. Tyson* argued the cause for petitioner. With him on the brief were *Acting Solicitor General Washington, Stanley M. Silverberg* and *Morton Liftin.*

*Walton Whitwell* argued the cause for respondent. With him on the brief were *Edwin F. Hunt* and *Wm. H. Swiggart.*

*Lester P. Schoene* filed a brief for the Railway Labor Executives' Association, as *amicus curiae,* in support of petitioner.

Mr. Justice Black delivered the opinion of the Court.

The petitioner, Administrator of the Wage and Hour Division, United States Department of Labor, filed this action in a Federal District Court to enjoin alleged violations by the respondent railroad of §§ 15 (a) (2) and 15 (a) (5) of the Fair Labor Standards Act. 52 Stat. 1060, 1068. These sections require that minimum wages be paid to employees covered by the Act and that appropriate records be kept concerning their employment and pay. The railroad was charged with having violated the Act with regard to two types of alleged employees: First, persons in training to become yard and main line firemen, brakemen, and switchmen; second, others in training to become clerks, stenographers, callers, messengers, and other similar general miscellaneous workers. The District Court held that the first group were not "employees" and therefore were not covered by the Act. On this ground alone the injunction was denied as to them. It also denied relief as to the second group, clerks, etc., partly on this same ground. Another ground for denying relief as to the second group was the court's finding that the railroad "for several years past has been complying with the Act as to them, and apparently intends in good faith to do so in the future." 60 F. Supp. 1004, 1007–1008. The Circuit Court of Appeals affirmed. 155 F. 2d 1016, one judge dissenting. We granted certiorari because of the importance of the questions decided. 329 U. S. 696.

The finding of the District Court that the railroad had been complying with the Act in good faith in its business relations with the trainee clerks, stenographers, etc. is not challenged. No argument is here made that this is not adequate support for denial of the relief granted as to

this second group. Under these circumstances, we affirm the court's action in denying an injunction to enjoin violations of the Act as to these trainees. We therefore do not reach the question as to whether this group as a whole or any of the persons in it were or were not employees under the Act.

The sole ground for denying relief as to the persons training to become firemen, brakemen, and switchmen was that they were not employees. The findings of fact here as to the training of these trainees are in all relevant respects practically identical with the findings of fact in *Walling* v. *Portland Terminal Co.*, this day decided, *ante*, p. 148. These findings of fact are not challenged. For the reasons set out in that opinion we hold that the Circuit Court of Appeals was not in error in holding that the persons receiving training in order to become qualified for employment as firemen, brakemen, and switchmen, are not employees within the meaning of the Fair Labor Standards Act.

*Affirmed.*