**ROGERS v. SCHENKEL et al.**

No. 253, Docket 20577.

Circuit Court of Appeals, Second Circuit.

June 21, 1947.

Spencer, Ogden, Gandy & Gillette, of Rochester, N. Y. (Donald F. Gandy, of Rochester, N. Y., of counsel), for plaintiff.

Walter S. Forsyth, of Rochester, N. Y., for defendants.

Before CHASE, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

There is evidence, consisting in considerable part of oral testimony, which amply supports the judge's findings. But we cannot agree with his legal conclusions. Although they may have seemed to be justified when made, subsequent decisions of the Supreme Court compel reversal. See Walling v. Portland Terminal Co., 67 S. Ct. 639; Walling v. Nashville, Chattanooga & St. Louis Ry., 67 S.Ct. 644.[1]

Reversed.

---

[1] In the Portland Terminal Company case, supra [67 S.Ct. 641], the Court said: "Section 3(g) of the Act [29 U.S. S.C.A. § 203(g)] defines 'employ' as including 'to suffer or permit to work' and § 3(e). defines 'employee' as 'any individual employed by an employer.' The definition 'suffer or permit to work' was obviously not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another. Otherwise, all students would be employees of the school or college they attended, and as such entitled to receive minimum wages. So also, such a construction would sweep under the Act each person who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit. But there is no indication from the legislation now before us that Congress intended to outlaw such relationships as these. The act's purpose as to wages was to insure that every person whose employment contemplated compensation should not be compelled to sell his services for less than the prescribed minimum wage. The definitions. of 'employ' and of 'employee' are broad enough to accomplish this."