# United States Court of Appeals
## For the First Circuit

No. 01-1980

KAREN LYNN BIENKOWSKI, DAVID EBERLE,
DELIA ANN HOYE AND EDWARD MCDONALD,

Plaintiffs, Appellees,

v.

NORTHEASTERN UNIVERSITY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Selya, Circuit Judges.

Judith A. Malone, with whom Krista Green Pratt, Palmer & Dodge LLP and William H. Hulsey, Office of the University Counsel, were on brief, for appellant.
Scott A. Lathrop, with whom Scott A. Lathrop & Associates, was on brief, for appellees.

April 8, 2002

**TORRUELLA**, **Circuit Judge**.  This is a dispute arising under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19. The plaintiffs-appellees, campus police officers at Northeastern University, sued their employer to recover overtime payment for time they spent in classes for certification as emergency medical technicians (EMTs).  On cross-motions for summary judgment, the district court ruled in favor of the employees and awarded damages.

The employer appealed the finding of liability, arguing that our precedent applying the Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251-62, forecloses liability in this case.  We agree and reverse the judgment of the district court with instructions to enter judgment in favor of the employer.

## I.   FACTS AND PROCEDURAL HISTORY

The parties submitted cross-motions for summary judgment based on the following set of stipulated facts:

Plaintiffs-appellees, Karen Lynn Bienkowski, David Eberle, Delia Ann Hoye, and Edward McDonald, were at all relevant times employed as police officers for the defendant, Northeastern University, and were compensated on an hourly basis.

Defendant-appellant Northeastern University (Northeastern) is a private not-for-profit university located in Boston, Massachusetts.

As a condition of employment, Northeastern required Bienkowski, Eberle, Hoye, and McDonald to receive and retain certification as Massachusetts-registered EMTs within one year of their appointment as probationary police officers.  At the time the

-2-

plaintiffs were hired as police officers, they were required to sign a letter acknowledging that: "[e]mployees must receive and retain certification as a Massachusetts registered emergency medical technician within one year of appointment." The training for which the plaintiffs seek compensation occurred during their probationary periods. They performed no EMT services prior to receiving their certifications.

Pursuant to Massachusetts statutes, regulations, and Department of Public Health standards, initial certification as an EMT requires approximately 110 hours of classroom work as well as 10 hours of in-hospital observation time, practical exams, and written exams. Mass. Gen. Laws ch. 111C, § 9; Mass. Regs. Code tit. 105, §§ 170.810, 170.910. This certification is good for two years. To maintain certification after two years, EMTs must complete additional refresher training.

Courses leading to EMT certification were offered at various locations and times throughout the Commonwealth of Massachusetts. Northeastern also offered the EMT courses.

In order to fulfill the foregoing requirements, the plaintiffs attended EMT courses from January 7, 1997, through April 3, 1997. In addition, all of the plaintiffs completed 10 hours of in-hospital observation, attended EMT review classes, took the EMT practical exam, and sat for the EMT written exam. The plaintiffs elected to take the courses at Northeastern, where they were entitled to tuition remission.

For the majority of the time, the classes, in-hospital observations, and exams occurred outside of the plaintiffs' regular working hours. The plaintiffs performed no work for Northeastern while they attended these classes. Following their certification as EMTs, the plaintiffs were required to provide copies of their certifications to Northeastern.

Pursuant to a collective bargaining agreement, each plaintiff received an $850 stipend on receipt of the EMT certification. Other than this stipend, the plaintiffs received no compensation for attending the EMT courses, in-hospital observations, or time spent taking examinations. Northeastern compensated the plaintiffs only for those hours when the classes, in-hospital observations or exams took place during the plaintiffs' working hours.

Following their certification as EMTs, the plaintiffs used their EMT skills while on the job at Northeastern. Bienkowski recalled handling various medical emergencies, such as broken feet, heart attacks, diabetic shock, and sports injuries. Prior to their certification, the plaintiffs performed no EMT work.

Following their certification as EMTs, Northeastern once or twice a week assigned the plaintiffs to be attendants or drivers on its ambulances as part of their regular paid duties as Northeastern police officers. Under Massachusetts law, one has to be a certified EMT to work on an ambulance. Mass. Gen. Laws ch. 111C, § 9.

The district court, concluding that the time spent in EMT training was an integral and indispensable part of the principal activities for which covered workers are employed, ruled in favor of the plaintiffs on their overtime claims under the FLSA.  In a later ruling, the court found that the FLSA violation was not willful and, therefore, did not warrant the imposition of multiple damages.  This appeal followed.

## II.  ANALYSIS

### A.  Standard of review

A motion for summary judgment can only be allowed if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In ruling on the motion the district court must view "the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor."  Barbour v. Dynamics Research Corp., 63 F.3d 32, 36 (1st Cir. 1995).

The standards are the same where, as here, both parties have moved for summary judgment. "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard."  10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 335-36 (3d ed. 1998).

On appeal, we review the district court's ruling on cross-motions for summary judgment de novo. Wightman v. Springfield Term. Ry. Co., 100 F.3d 228, 230 (1st Cir. 1996).

**B.  Portal-to-Portal Act**

The FLSA requires employers to compensate employees for all "hours worked."  29 U.S.C. § 201.  However, the Portal-to-Portal Act provides, in part, that an employer need not pay an employee for activities that are "preliminary or postliminary" to the principal activity or activities the employee is employed to perform.  Id. § 254(a)(2).  The Supreme Court has interpreted the mandate of the Portal-to-Portal Act to mean that "that activities performed either before or after the regular work shift, on or off the production line, are compensable . . . if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed." Steiner v. Mitchell, 350 U.S. 247, 256 (1956).

In arguing that the district court erroneously concluded that EMT training was an integral and indispensable part of the plaintiffs' work as Northeastern police officers, the defendant places great emphasis on a decision of this court, Ballou v. General Electric Company, 433 F.2d 109, 111 (1st Cir. 1970).

In Ballou, apprentices in a program run by the employer sought compensation for time spent attending classes conducted off-site by independent educational institutions.  The apprentices were required by their employment contracts to prepare for, attend, and make satisfactory progress in these classes.  An apprentice who

-6-

failed to keep these conditions was subject to dismissal. For the most part, the off-site classwork did not relate directly to the skills apprentices received in on-the-job training; its approach was more theoretical, providing the apprentices with an academic understanding of the skills they were developing. Id. at 110.

We concluded in Ballou that the time spent in such classes was not compensable. We rejected the notion that the training was integral and indispensable to the employees' principal activities simply because the employee could be terminated for failing to complete it in a satisfactory manner. Id. at 111. We noted also that, under settled Supreme Court precedent, employers who furnished training to potential employees were not required under the FLSA to compensate trainees for time spent in the training program. Id. (citing Walling v. Portland Terminal Co., 330 U.S. 148 (1947), and Walling v. Nashville, Chattanooga & St. Louis Ry., 330 U.S. 158 (1947)). Because these cases required individuals to be compensated only for their activity as workers, rather than as students, we concluded that the employer's decision to hire its employees before the completion of training did not obligate it to compensate them for the time spent in their status as students after their hiring. Id. at 112.

We find our reasoning in Ballou dispositive in this case as well. Here there is no question that, during the EMT training sessions, the employees perform no productive work for the employer. Nor is there any question that, rather than providing such training to its employees during their period of probationary

employment, Northeastern could simply make the successful attainment of an EMT certificate a precondition of employment. Thus, we will not hold Northeastern liable for overtime pay for time its employees spend as students, rather than as workers, simply because Northeastern has decided to hire its employees on a probationary basis until they complete the training required to hold the job on a permanent basis.

Plaintiffs respond that despite Ballou, the training is compensable under the Department of Labor (DOL) regulations implementing the FLSA. Once of those regulations, 29 C.F.R. § 785.27, makes training non-compensable if, inter alia, it is both voluntary and unrelated to the employee's job -- conditions that do not appear to be satisfied here. But we doubt that the regulation was meant to cover the peculiar situation presented here -- that is, where the training is not continuing education relating to existing job duties, but instead a pre-condition for employment which the employer tolerantly allows to be satisfied while the employee is working on a probationary basis. And in the event the regulation was intended to apply to such situations, it would be inconsistent with Ballou's reading of the statute and precedent.

The plaintiffs also attempt to distinguish Ballou on the ground that it involved an apprenticeship program, which receives separate treatment under the DOL regulations. See 29 C.F.R. § 785.32.[1] Although we noted in Ballou that the regulation's

_____

[1] 29 C.F.R. § 785.32 provides:

As an enforcement policy, time spent in an organized

-8-

apprenticeship provision "bolstered" our holding, 433 F.2d at 112, we gave no indication that our conclusion depended upon it. Instead, our holding in Ballou relies on the statutory language of the Portal-to-Portal Act and the controlling decisions interpreting the provisions of the FLSA.

Because the time spent by the plaintiffs in EMT training is not an integral and indispensable part of the principal activities for which they are employed, we conclude that the Portal-to-Portal Act precludes a finding of liability on the part of Northeastern.

## III. CONCLUSION

The judgment of the district court is **reversed**, and the case is **remanded** with instructions to enter judgment in favor of the defendant.

---

program of related, supplemental instruction by employees working under bona fide apprenticeship programs may be excluded from working time if the following criteria are met:
(a) The apprentice is employed under a written apprenticeship agreement or program which substantially meets the fundamental standards of the Bureau of Apprenticeship and Training of the U.S. Department of Labor; and
(b) Such time does not involve productive work or performance of the apprentice's regular duties. If the above criteria are met the time spent in such related supplemental training shall not be counted as hours worked unless the written agreement specifically provides that it is hours worked. The mere payment or agreement to pay for time spent in related instruction does not constitute an agreement that such time is hours worked.